IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Arthur Buttone, Jr., | ) | Civil Action No.: 4:06-00171-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SPECIAL INTERROGATORIES** |
| | ) | |
| Big Country Chevrolet, Inc., | ) | **ON JURISDICTIONAL FACTS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter was removed to this court based on the assertion of federal question jurisdiction under 28 U.S.C. § 1331.[1] Specifically, the defendant states in the petition for removal that the plaintiff's Complaint contains a cause of action under 15 U.S.C. § 2310 (the Magnuson-Moss Warranty Act). Pursuant to 15 U.S.C. § 2310(d)(1)(B), this court has jurisdiction to entertain Magnuson-Moss claims, however, § 2310(d)(3)(B) further provides that this court lacks jurisdiction where the amount in controversy is less than $50,000 (exclusive of interests and costs). The Fourth Circuit has found that the term "cost" as used in § 2310(d)(3)(B) includes attorneys fees, and therefore, they cannot be considered in calculating the jurisdictional amount.

Currently pending before the court is a motion to remand which was filed by the plaintiff on February 14, 2006. The plaintiff states in the memorandum in support of the motion that nowhere in the defendant's petition or the plaintiff's complaint is there an allegation that the amount in controversy exceeds $50,000. On the contrary, the plaintiff states that the vehicle is worth less than $35,000, and

---

[1] Although the defendant's petition for removal cites 28 U.S.C. § 1332, which is the diversity jurisdiction statute, it appears to this court that the defendant intended to refer to § 1331, as the petition for removal states "that this court has jurisdiction on the basis of federal law . . . ." Furthermore, this court notes that it would not have jurisdiction based on § 1332, as the defendant admits in its petition for removal that the plaintiff is a citizen of the State of South Carolina and the defendant is a corporation organized under the laws of the State of South Carolina.

thus, this court is without jurisdiction.

By way of analogy, the court notes that in determining whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the court must examine the Complaint at the time of removal. See Thompson v. Victoria Fire & Cas. Co., 32 F. Supp. 2d 847, 849 (D.S.C. 1999). Typically, limitations on damages after removal do not affect the court's jurisdiction. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). However, clarifications of the amount sought at the time of removal may result in remand. See Cole v. Great Atlantic & Pacific Tea Co., 728 F. Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may be subject to post-removal clarification).

In the present case, the amount sought in the Complaint with regard to the plaintiff's cause of action under the Magnuson-Moss Warranty Act is unclear. However, as stated above, the plaintiff does represent to the court in his memorandum that the amount in controversy as to this cause of action is less than $50,000. To resolve any ambiguity, the plaintiff is hereby directed to respond to the following inquiry clarifying the maximum extent of damages which he intended to pursue *at the time of filing his original Complaint* with regard to the cause of action under the Magnuson-Moss Warranty Act only and, if the amount is less than $50,000 (exclusive of interests and costs)[2], whether the plaintiff concedes that he does not intend to seek more at a later time. If plaintiff did not intend to pursue damages on the Magnuson-Moss Warranty Act cause of action adequate to satisfy the jurisdictional threshold at the time of filing and if he stipulates to such limitation having a binding effect, this court will remand this matter to state court.

---

[2] As stated above, the Fourth Circuit has found that the term "cost" as used in § 2310(d)(3)(B) includes attorneys fees.

INTERROGATORIES TO PLAINTIFF:

1. At the time this matter was initially filed in state court, was it plaintiff's intent to pursue monetary damages on the Magnuson-Moss Warranty Act cause of action in an amount less than $50,000?

2. Is plaintiff willing to stipulate that this statement limits the damages, exclusive of interests and costs, which he will pursue in this action with regard to his Magnuson-Moss Warranty Act cause of action only?

Plaintiff's response to these interrogatories shall be filed with this court and served on opposing counsel within ten days of the date of this Order.

**IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

June 12, 2006
Florence, South Carolina